IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER THEVENET, §
§
   Plaintiff-counterdefendant, §
§ Civil Action No. 3:17-CV-1832-D
VS. §
§
DEUTSCHE BANK NATIONAL §
TRUST CO., AS TRUSTEE FOR §
GSAA HOME EQUITY TRUST §
2006-7, ASSET-BACKED §
CERTIFICATES, SERIES 2006-7, §
§
   Defendant-counterplaintiff. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff-counterdefendant Christopher Thevenet ("Thevenet") moves to remand under 28 U.S.C. § 1447(c), presenting the question whether the case was timely removed. Concluding that removal was timely, the court denies the motion.

I

This case involves Thevenet's residence in Dallas, Texas ("the Property"). Defendant-counterdefendant Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-7, Asset-Backed Certificates, Series 2006-7 ("Deutsche Bank"), sought to foreclose on the Property on June 6, 2017. On June 2, 2017 Thevenet filed this lawsuit in state court, challenging the foreclosure.

On June 2, 2017 Thevenet faxed a citation and copy of the petition to Buckley Madole, P.C. ("Buckley Madole"), the law firm that represents Deutsche Bank. On July 12,

2017 Deutsche Bank filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. Thevenet now moves to remand, contending that Deutsche Bank's notice of removal was untimely under 28 U.S.C. § 1446(b) because it was filed more than 30 days after Deutsche Bank received notice of the suit on June 2, 2017. Deutsche Bank opposes the motion.[1]

II

Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 356-66 (5th Cir. 1995)). The removal statute is thus strictly construed, "and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007)). The heavy burden of establishing federal jurisdiction thus falls on the removing party. *See Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995).

III

Thevenet maintains that removal was untimely because he filed this suit in state court and served Deutsche Bank with notice of the suit via fax on June 2, 2017. Deutsche Bank counters that it was never properly served, that the deadline to remove never commenced, and that removal on July 12, 2017 was therefore timely. Deutsche Bank posits that the

---

[1]Deutsche Bank responded to Thevenet's remand motion on August 2, 2017. Thevenet did not file a reply brief within the time permitted by N.D. Tex. Civ. R. 7.1(f), and the motion is now ripe for decision.

alleged notice of filing was sent by a means that is not permitted by the Texas Rules of Civil Procedure, and that the return of citation did not meet the requirements of Tex. R. Civ. P. 107(b)(5). Deutsche Bank also posits that Thevenet attempted service on an improper party: Deutsche Bank's counsel, Buckley Madole. In Deutsche Bank's notice of removal, however, it acknowledges being served on June 13, 2017, in which case the notice of removal was timely filed within 30 days on July 12, 2017. *See* D. Notice of Removal ¶ 4. Thevenet contends that Deutsche Bank was properly served with notice prior to June 13, 2017, when notice of the suit was faxed to Buckley Madole on June 2, 2017.

IV

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1) (emphasis added). "The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), holding the time for removal commences on formal service of process, '*not* by mere receipt of the complaint unattended by any formal service'." *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.,* 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros.,* 526 U.S. at 347-48).

In removed cases, the question whether the plaintiff has properly served the defendant is determined by reference to applicable state law. *See Murphy Bros.,* 526 U.S. at 348. Tex. R. Civ. P. 106(a) governs methods of service of process. It provides that service may be

effected by, among other methods, "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). But Deutsche Bank is a financial institution, and, under Tex. Civ. Prac. & Rem. Code Ann. § 17.028 (West 2013), "citation may be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." Section 17.028 is the sole method for serving process on a financial institution. *See Bank of N.Y. Mellon v. Redbud 115 Land Tr.,* 542 S.W.3d 868, 871-73 (Tex. App. 2014, pet. denied) (concluding that § 17.028 is exclusive method for serving financial institution, foreign or domestic).

Here, Thevenet attempted to serve Deutsche Bank by faxing a notice of the state court petition to Deutsche Bank's counsel, Buckley Madole. Buckley Madole, however, is not the registered agent of Deutsche Bank, the president of the financial institution, or the branch manager at any office located in this state. Because Thevenet failed to effect service on Deutsche Bank in accordance with § 17.028, and "the time for removal commences on formal service of process," Deutsche Bank's 30-day period for filing a notice of removal only began to run after it was admittedly served on June 13, 2017. *See Bd. of Regents,* 478 F.3d at 278. Accordingly, Deutsche Bank's notice of removal was timely filed on July 12, 2017. And because removal was timely, the court need not address Deutsche Bank's contention that Thevenet attempted to effect service by a means not permitted by the Texas Rules of Civil Procedure, or that did not comply with Tex. R. Civ. P. 107(b)(5).

* * *

Because the court concludes that Deutsche Bank timely removed this case,[2] Thevenet's motion to remand is denied.

**SO ORDERED**.

October 6, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]Deutsche Bank has shown that diversity jurisdiction is an appropriate basis for removal, and Thevenet does not object to removal based on an absence of diversity of citizenship.